PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL EARL DAVIS | ) | CASE NO. 1:10CV200 |
| Petitioner, | ) | |
| v. | ) | MAGISTRATE JUDGE PEARSON |
| J.T. SHARTLE | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Respondent. | ) | **ORDER** (Resolving ECF Nos. 3 and 9) |

Before the Court are Petitioner Michael Earl Davis' motion entitled, "Petitioners Motion to Supplement 28 USC 2241" (ECF No. 1) and Respondent J.T. Shartle's motion entitled, "Motion for Extension of Time" (ECF No. 9). Based upon the record before it and applicable law, the Court construes Davis' motion as a motion to amend and GRANTS the motion. The Court also GRANTS Respondent's motion.

### I. Relevant Factual and Procedural History

On January 28, 2010, Davis, an inmate in federal prison, sought habeas corpus relief pursuant to a *pro se* filing under Title 28 U.S.C. § 2241. ECF No. 1. On February 26, 2010, Davis filed a motion to supplement his petition in which he requested that the Court permit the addition of a new ground to his Petition (Ground Four). ECF No. 3. Davis claims that his Fifth

(1:10cv200)

Amendment and Due Process rights were abridged.  The proposed addition is as follows:

> 1. Petitioner was placed in Administrative Confinement with out an opportunity to be heard at a meaningful time and in a meaningful manner, so that he may avoid wrongful Administrative Confinement at FCI Morgantown, W.VA, for two months, without the the [sic] minimal procedures as enunciated in Hewitt v. Helms, 459 U.S. 460.
> 2. Petitioner had liberty interest in statutory good-time credits that where [sic] taken away from him in alledged [sic] prison disciplinary hearing without due process of law.  28 C.F.R. 541.177(c) (1990).

ECF No. 3 at 1-2.  Respondent did not respond to Davis' motion to supplement.

On May 6, 2010 Respondent filed a motion for extension of time until June 28, 2010 to file a response to the Petition.  ECF No. 9.

**II.  The Court construes Davis' Motion to Supplement as a Motion to Amend**

Although Davis entitled his motion " Motion to Supplement," Davis is not referring to " . . . any transaction, occurrence , or event that happened after the date of the pleading to be supplemented."  FRCP 15(d).  Rather, it appears that Davis is actually requesting permission to amend his petition by adding a new ground for relief.  Accordingly, in the instant matter the Court construes Davis' motion to supplement as a motion to amend.

**A.  Amending a Pleading, Generally**

Fed.R.Civ.P. 15, which governs pleading amendments in civil cases, is applicable to federal habeas corpus proceedings.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Parties may amend a pleading once as a matter of course within: 21 days after serving the pleading or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or motion under 12(b), (e), or (f), whichever is earlier.  Fed.R.Civ.P. 15(a)(1)(A) and (B).  Otherwise, a party may amend a pleading with the opposing party's written consent or with

(1:10cv200)

leave of the court. Fed.R.Civ.P. 15(a)(2). A court nevertheless should deny leave to amend in some circumstances, including when the motion results from "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.1998) (*quoting Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir.1994)) (emphasis added), *cert. denied*, 528 U.S. 842 (1999). Courts have interpreted Rule 15(a) "as setting forth a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.' " *Long v. Warden, Warren Correctional Institution*, 2009 WL 3169964, (September 28, 2009, S.D.Ohio) (citing *Oleson*, 27 Fed.Appx. at 569) (*quoting Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir.1987), in turn *quoting Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)).

### B. Davis May Amend his Petition as a Matter of Course

The Court finds that Davis' Petition is a pleading to which a responsive pleading is required, and because Respondent has not yet filed a responsive pleading Davis may amend the Petition as a matter of course and does not require the leave of the Court to do so. Fed.R.Civ.P. 15(a)(1)(B). The Court orders Davis' Ground Four be added to the Petition (ECF No. 1) and that Respondent include a response to Ground Four in his responsive pleading.

(1:10cv200)

### III. Motion for Extension of Time

Respondent's motion for extension of time is GRANTED (ECF No. 9). Respondent has until June 28, 2010 to file a response to the Petition.

IT IS SO ORDERED.

| | |
|---|---|
| May 7, 2010 | /s/ Benita Y. Pearson |
| Date | United States Magistrate Judge |