PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL EARL DAVIS, | ) | CASE NO.   1:10CV0200 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | BENITA Y. PEARSON |
| J.T. SHARTLE, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

## I.  INTRODUCTION

Pending before the Court is *pro se* Petitioner Michael Earl Davis' ("Davis") Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2241.  ECF No. 1.  Respondent J.T. Shartle ("Respondent") has answered Davis' petition and has moved the Court to dismiss the petition, or, in the alternative, grant summary judgment in Respondent's favor.  ECF No. 12.

Having reviewed the record and applicable law, the Court finds that the underlying issues in Davis' habeas petition are moot.  Accordingly, the undersigned Magistrate Judge recommends dismissing Davis' petition in its entirety and granting Respondent's motion to dismiss.

(1:10CV0200)

## II. FACTS

On November 2, 2006, a United States District Court in the Northern District of Ohio sentenced Davis to a sixty (60) month term of imprisonment and four years of supervised release for attempted possession with the intent to distribute cocaine.[1]  ECF No. 1 at 2.

On May 16, 2009, while serving time for a criminal conviction, prior to release at Oriana House ("Oriana"), a half-way house located in Cleveland, Ohio, Davis was given permission to leave the facility's grounds *via* a home pass, but was instructed to return the following morning. ECF No. 12-5 at 9.  Davis left the facility and upon his return the following afternoon, he tested positive for intoxicants.  ECF No. 12-2 at 6.  Subsequently, Davis was notified that he would be formally charged with "Using Intoxicants" and that there would be a disciplinary hearing held on May 20, 2009, for the adjudication of the charge.[2]  ECF No. 12-2 at 6-10.

Prior to the disciplinary hearing, however, Davis was transferred from Oriana and placed in an alternate facility in Youngstown, Ohio.  ECF No. 1 at 4.  And on May 27, 2009, the hearing

---

[1] A search of the Federal Bureau of Prisons' Inmate Locator Service indicates that Davis was "RELEASED" from custody on September 24, 2010.  *See* Website. The "Public Information Inmate Data" that Respondent supplied  indicates that Simmons was sentenced to a four-year "term of supervision" post-release.  ECF No. 12-1 at 2.  Thus, Davis still satisfies the "in custody" provision of 28 USC § 2241(c).  *See Ojo v. INS*, 106 F.3d 680, 681 n.2 (5th Cir. 1997) (holding that petitioner who had  completed his prison term and was in his three-year term of supervised release was "in custody" for habeas purposes).

[2] Davis was also charged with "Being in an Unauthorized Area" because he failed to return to Oriana at the agreed upon time.  ECF No. 12-5 at 9-13.  That hearing was initially scheduled for May 19, 2009.  ECF No. 12-5 at 12.  Although the record is unclear as to whether that hearing was held, Davis was later found guilty of the violation in a hearing dated April 21, 2010.  ECF No. 12-5 at 1.  The claims in the instant petition are not related to these hearings, wherein the charge of "Being in an Unauthorized Area" was adjudicated.  ECF No. 1.

(1:10CV0200)

was held at Oriana without Davis present, seven days after the disciplinary hearing was originally

scheduled.  ECF No. 12-2 at 4.  The Disciplinary Hearing Officer ("DHO") subsequently found

Davis guilty of  "Using Intoxicants."  ECF No. 1-1 at 12.  The appropriate prison personnel

imposed a sanction that led to the forfeiture of fifty (50) percent of Davis' good conduct time.

ECF No. 1-1 at 12.

On July 16, 2009, and on December 3, 2009, Davis appealed to the Regional and Central

Office of the Federal Bureau of Prisons ("BOP") based on the grounds that he was neither

notified of the new hearing date, *i.e* May 27, 2009, or allowed to attend.  ECF No. 12 at 4.  Prior

to the BOP rendering a decision on the appeals, Davis filed the instant petition for writ of habeas

corpus on January 28, 2010.  ECF No. 12 at 4.

In the instant petition, Davis avers that his constitutional rights were violated as a result

of the May 27, 2009, hearing.  ECF No. 1 at 4.  He specifically argues that his due process rights

were violated when he was "not allowed to confront his accuser and have witnesses in [his]

favor" in the initial hearing.[3]  ECF No. 1 at 4.  The record indicates that Davis requested that his

sister testify on his behalf to attest that he consumed NyQuil prior to returning to Oriana, which

Davis believed would aid him in explaining why he tested positive for alcohol use.  ECF No.

12-2 at 10.

---

[3] Davis also alleges that he is "unconstitutionally incarcerated and being denied equal
protection of the law" and that his "Six Amendment Righes [sic]" were denied.  ECF No. 1 at 4.
The supporting facts for these claims substantially overlap the due process allegations.  The
underlying issue in each of his claims appears to rely on his allegations that procedural violations
occurred relative to the May 27, 2009, disciplinary hearing.  For these reasons, the Court
construes all of Davis' claims to allege due process violations.

(1:10CV0200)

On April 21, 2010, the BOP granted a new hearing, presumably to address the alleged due process violations, while the instant habeas petition was pending before the Court.[4]  ECF No. 12 at 4.  The record reveals that Davis was present, at the new hearing, and allowed to present a defense.  ECF No. 12-3 at 1-4.  As a result of that new hearing, Davis was found guilty of "Using Intoxicants" and the same sanction previously imposed was re-imposed.  ECF No. 12-3 at 3.

### III.  DISCUSSION

Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversy.  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).  Mootness is a threshold jurisdictional issue.  *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).  "This means that, throughout the litigation, the [petitioner] must have suffered, or be threatened with an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Accordingly, if events transpire during litigation that render a court unable to grant the requested relief, the case becomes moot, and the court is without jurisdiction to hear the case.  *Calderon v. Moore*, 518 U.S. 149, 150 (1996).

In this case, Davis' claims are moot because no viable issues remain to be resolved. Davis' allegations of violations of due process attack the missed–May 27, 2009–proceeding. ECF No. 1 at 4-7.  Those allegations were rendered moot when Davis was given a new hearing that complied with due process requirements mandated by law.

---

[4] Davis sought to enjoin Respondent from holding a new disciplinary hearing in a request to the Court for a Temporary Restraining Order.  ECF No. 4.  The Court, however, denied Davis' motion.  ECF No. 5.

(1:10CV0200)

Generally speaking, "procedural errors are cured by a holding a new hearing in compliance with due process requirements." *Batanic v. Immigration and Naturalization Serv.,* 12 F.3d 662, 667 (7th Cir. 1993). And in the context of prison disciplinary proceedings, the minimum requirements of due process are: (1) advance written notice of the charges brought against the inmate; (2) the right to call witnesses and present documentary evidence in his defense; (3) a written statement of the fact finder of the evidence relied on and the reasons for the disciplinary action taken;[5] and (4) the findings must be supported by some evidence of the record.[6]

The record before the Court establishes that the "new hearing" held in place of the May 27, 2009, hearing that Davis missed complied with the due process requirements for inmate disciplinary proceedings. In contradistinction to the first hearing, Davis was present in the second proceeding. ECF No. 12-3 at 3. He was given advance notice of the charges brought against him, and afforded the opportunity to present a defense. ECF No. 12-3 at 1-3. Additionally, Respondent provided a written statement of the Disciplinary Hearing Officer, finding Davis guilty of using intoxicants. ECF No. 12-3 at 3-4. The guilty verdict was substantiated by sufficient evidence on the record, including Davis' own testimony that his consumption of NyQuil caused him to test positive for alcohol, in violation of the BOP's rules. ECF No. 12-3 at 3.

---

[5] *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974)

[6] *See Superintendent v. Hill*, 472 U.S. 445, 455 (1985)

(1:10CV0200)

Although Davis avers that he was improperly denied the right to call his sister as a witness to testify on his behalf, the Court finds that this action did not deprive him of due process.  The right to call witnesses is not an absolute right.  *See Wolff*, 418 U.S. at 566 (holding that inmates do not have an unrestricted right to call witnesses at disciplinary hearings).  Prison officials may prevent inmates from calling witnesses "whose testimony would be irrelevant, repetitive, or unnecessary."  *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002); *see also Bostic v. Carlson*, 884 F.2d 1267, 1271-72 (9th Cir. 1989) (finding no due process violation where the disciplinary committee refused to allow the inmate to summon witnesses who could not provide any pertinent new information) (*citing Wolff*, 418 U.S. at 566); *Langton v. Berman*, 667 F.2d 231 (1st Cir. 1981) (holding that prison official did not deny inmate due process when he refused to call witnesses whose testimony would not have added anything).

In this case, the record reveals that the Disciplinary Hearing Officer denied Davis' request for his sister to testify on his behalf because the testimony was identical to Davis' own assertion that he knowingly took NyQuil so that "he could fall asleep."  ECF No. 12-3 at 1.  Because Davis consumption of NyQuil was never in dispute, allowing the testimony of his sister would have been repetitive and, therefore, unnecessary to the Disciplinary Hearing Officer in rendering its decision.  The denial of Davis' sister's testimony was not prejudicial to Davis nor violative of his due process rights.

-6-



(1:10CV0200)

## IV.  CONCLUSION

For the reasons stated above, Davis' petition for a writ of habeas corpus is moot.  The

undersigned recommends that Respondent's motion to dismiss Davis' petition be granted.

October 29, 2010                                      _s/ Benita Y. Pearson_____
Date                                                United States Magistrate Judge

## OBJECTIONS

Objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).